## AKERS, Executor *v.* AKERS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF TENNESSEE.

Submitted March 1, 1886.—Decided March 8, 1886.

A suit cannot be removed from a State court under the act of March 3, 1875, unless the requisite citizenship for removal existed when the suit was begun, as well as when the application for removal was made.

*Gibson* v. *Bruce*, 108 U. S. 561 affirmed and applied.

This cause was commenced in a State court·of Tennessee in March, 1882. In the following October an order for its re-

moval into the Circuit Court of the United States, founded on a petition of defendant's, which averred, among other things, "that the controversy in said suit is between citizens of different States, and that the petitioner is a citizen of the State of Kentucky," was made. The Circuit Court on the 25th October, 1882, made the following order and judgment.

"The petition for the removal of this case from the State court to this court failing to aver that the parties were citizens of different States at the commencement of this suit, and it further appearing from the admission of said parties that both plaintiff and defendant were citizens of Tennessee at the time said suit was commenced, the court entertains the opinion that it is without jurisdiction, and doth thereupon order and adjudge that the cause be remanded to the Circuit Court of Davidson County, the tribunal from which it came; and it is further considered by the court that the plaintiff have and recover of the defendant his costs incurred in this court, for which execution is awarded; to which judgment of the court the defendant then and there excepted."

The defendant sued out this writ of error to review that judgment. On motion of the defendant in error the cause was advanced under Rule 32, and was then submitted.

*Mr. S. Watson* for defendant in error.

No appearance for plaintiff in error.

Mr. Chief Justice Waite delivered the opinion of the court.

The order remanding this cause is affirmed on the authority of *Gibson* v. *Bruce*, 108 U. S. 561, it being admitted that both the plaintiff and the defendant were citizens of Tennessee at the time the suit was brought.                    *Affirmed.*