BERRY v. ST. LOUIS & S. F. R. CO. et al.

(Circuit Court, D. Kansas, First Division. December 10, 1902.)

1. FEDERAL COURTS—REMOVAL OF CAUSES—JOINDER OF DEFENDANTS—SEVERANCE.

Plaintiff sued two defendants on a joint and several liability, one residing in the same state, and the other a nonresident. No process was served on the resident defendant, and, the cause being called for trial, the nonresident defendant appeared, and moved that plaintiff be required to elect whether she would dismiss as to the resident defendant or continue the cause for service. She declined to do either, but requested that the cause proceed to trial as to the nonresident defendant; whereupon such defendant presented its petition and bond for removal to the federal court. Held, that plaintiff's election to proceed to trial against the nonresident defendant alone operated as a severance of the controversy, and entitled the nonresident defendant to remove the cause.

On Motion to Remand.

Whitelaw & Taggart, for plaintiff.
Pratt, Dana & Black, for defendant railroad company.

HOOK, District Judge. This action was instituted by the plaintiff in the court of common pleas of Wyandotte county, Kan., to recover damages for the death of her husband, alleged to have been caused by

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

the negligence of the St. Louis & San Francisco Railroad Company and the Kansas City, Ft. Scott & Memphis Railway Company. The plaintiff is a citizen of Kansas, the San Francisco Company is a citizen of Missouri, and the Memphis Company is a citizen of the same state as the plaintiff. The last-mentioned company has never been served with summons, nor has it voluntarily submitted itself to the jurisdiction of the court. In April of the present year the San Francisco Company, claiming that there existed a separable controversy between it and the plaintiff, removed the cause to this court; but its contention in that respect was not upheld, and a motion to remand was sustained. The issues between the plaintiff and the San Francisco Company having been joined, the case was reached on the trial docket of the state court on October 2, 1902. When the case was called the plaintiff announced herself ready for trial. The defendant San Francisco Company requested the court to require her to make some announcement as to its codefendant, over whom no jurisdiction had been acquired; but she refused to indicate her purpose, and declined to say whether she intended to dismiss or continue the cause as to the absent defendant, and she again demanded that the cause proceed to trial against the company which was before the court. Thereupon that company tendered its second petition and bond for removal. On the following day the plaintiff, having obtained leave of the state court, reduced the amount of damages claimed to $2,000, and the court thereupon denied a removal, and ruled that the trial should proceed. In its petition for removal the railroad company claims that the plaintiff's action, which was theretofore joint, became several by reason of her conduct when it was called for trial, in that she thereby elected to pursue the defendants separately; also that its absent codefendant was fraudulently and improperly made a party defendant for the sole purpose of preventing a removal of the cause from the state court. The reduction of the amount in controversy below the jurisdictional requirement after the filing of the petition and bond for removal may be dismissed from consideration. If the cause was subject to removal the jurisdiction of the state court ceased upon the presentation of the petition and a sufficient bond, and the subsequent amendment of the pleadings could not serve to restore it. No criticism of the bond is offered here, and the journal of the state court recites that it is sufficient. The duty to consider and determine the sufficiency of the petition for removal and the grounds set forth therein in connection with the other parts of the record is cast upon this court, and cannot be evaded.

The plaintiff's cause of action against the two railroad companies is in its nature joint or several, according to her election. She could sue them separately or she could sue them jointly, and the defendants have no voice in the exercise of her option. The particular form of plaintiff's proceedings, whether joint or several, is not controlled by the character of her cause of action, but it rests wholly in her election. And having once made her choice of one form of action she is not precluded from abandoning it and resorting to the other at any appropriate stage of her case. The plaintiff, having a cause of action against the two railroad companies that was joint and several, elected to sue them jointly, and it may be conceded, so far as concerns the question under

consideration, that her course in that respect marked the character of her suit down to the time it was called for trial in the state court. The Memphis Company had never been brought into court, though the suit had been pending for months. No jurisdiction over it had been acquired. While plaintiff at first endeavored to maintain an action against the defendants jointly, such effort was insufficient to suspend the running of the statute of limitations in favor of the Memphis Company, and futile for the accomplishment of a lis pendens. Gen. St. Kan. 1901, §§ 4448, 4515. While in this condition the cause was regularly called from the trial docket, and instead of preserving the joint character of her action by continuing it for service upon the absent party the plaintiff elected to proceed against the defendant in court and demanded an immediate trial. All of the features of such a trial and of its resulting judgment would be those pertaining to a separate and several liability of the San Francisco Company. At common law, where two or more defendants were jointly charged, the rule required a disposition of the action as to all of them at the same time. Barbour v. White, 37 Ill. 165. And it has been suggested that proceeding to trial against one defendant without attempting to summon the others virtually operated as a nonsuit. Flinn v. Barlow, 16 Ill. 39. Following the early New York Code, this rule has been changed by the civil practice acts of many of the states. In Kansas the provision which is typical of the modern practice which has supplanted the common-law rule is that "in an action against several defendants the court may in its discretion render judgment against one or more of them leaving the action to proceed against the others whenever a several judgment may be proper." Gen. St. Kan. 1901, § 4845. It will be observed from the language of this excerpt that a judgment rendered in conformity with its terms is, in substance and effect, a several one; and the test whether such a judgment is proper is whether a separate action could have been maintained by the plaintiff. Van Ness v. Corkins, 12 Wis. 186; Parker v. Jackson, 16 Barb. 33.

In the case in hand the plaintiff abandoned her right to a joint judgment by demanding a trial as to one defendant in the absence of service upon the other. The course of trial and the character of the verdict and judgment in a joint action render any other conclusion impossible. In Mitchell v. Milbank, 6 Term R. 199, the three defendants who were sued jointly in trespass suffered default, and the plaintiff prosecuted three separate writs of inquiry for the ascertainment of his damages, resulting in the assessment of different amounts. Concerning this Lord Kenyon, C. J., said: "The plaintiff's proceedings are certainly irregular; he has executed three writs of inquiry where one would have been sufficient. And if he had entered up final judgment for the several damages in these interlocutory judgments it would have been erroneous." And the rule which has generally obtained since that time is that in an action of tort against several defendants jointly the jury cannot assess damages severally against them. If they are to be held jointly in a joint action there must be a single verdict against all who are responsible, followed by a judgment for a single sum. Sedg. Dam. (8th Ed.) § 431; Cooley, Torts (2d Ed.) 157; Berry v. Fletcher, 1 Dill. 67, Fed. Cas. No. 1,357;

118 F.—58

Railroad Co. v. South, 43 Ill. 176, 92 Am. Dec. 103; Smith v. Wunderlich, 70 Ill. 437; Bohun v. Taylor, 6 Cow. 313; Holley v. Mix, 3 Wend. 350, 20 Am. Dec. 702.

Even if the plaintiff subsequently persisted in her pursuit of the Memphis Company, and the court finally succeeded in acquiring jurisdiction, the ultimate result would be separate trials before separate juries under diverse conditions; separate verdicts, resulting in separate judgments; and, though the defendants may be alleged to be in equal wrong, that the verdicts and judgments should happen to be for equal amounts would certainly be an unexpected and fortuitous result.

I am aware that the supreme court has held in many cases that for all the purposes of a suit the cause of action is "whatever the plaintiff declares it to be in his pleadings"; but the words so employed should be read in the light of the facts which were then presented for consideration. In those cases no subsequent condition arose outside of the pleadings which might fairly be said to operate as a voluntary abandonment by the plaintiff of the character of his action as first formally declared. There are also cases in which it is held that, where the defendant whose presence prevents a removal from a state court to a circuit court of the United States suffers a default, such condition does not give rise to a right of removal in the remaining defendant. And there are also cases in which the right to remove is denied when at the trial the court renders a judgment of dismissal against the defendant whose presence is incompatible with federal jurisdiction. But in neither of these classes of cases is the result due to the voluntary action of the plaintiff whose election controls the course and nature of the suit. The action of a court in dismissing a defendant at the trial is in invitum, and is not the voluntary act of the complaining party. Nor is he responsible for a default suffered by a defendant whom he has sued jointly with others upon a joint cause of action. But it is clear that, should such a defendant be dropped out of the suit by the voluntary action of the plaintiff, the question of the right of removal is then determinable by the status of the parties who remain. Powers v. Railroad Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. It is but a step further, and it seems a logical one, that if a plaintiff voluntarily abandons the joint character of his proceedings, and elects to pursue the only defendant who has been drawn within the jurisdiction of the court upon a liability which is either joint or several, at his election, there arises at the moment of the election such a change in the structure of the controversy as confines the inquiry to the citizenship of the parties then before the court. The case of Guarantee Co. of North America v. Mechanics' Savings Bank & Trust Co., 80 Fed. 766, 26 C. C. A. 146, is instructive in this connection. In that case the representative of the trust company brought a suit against the administrator of a deceased teller and the guarantee company as surety upon the official bond of such teller, alleging certain defaults of the latter constituting a breach of the bond. The teller's bond was joint and several in its form and legal effect. As originally brought, the suit was against the administrator and the guarantee company jointly. The defendant guarantee company, which was an alien corporation, filed its petition and bond for removal to the circuit court

of the United States, but its codefendant, the administrator of the deceased teller, did not join therein. After the filing of the transcript in the federal court, the cause was there tried so far as concerned the plaintiff and the guarantee company, a decree was rendered against the guarantee company (68 Fed. 459), and an appeal was taken therefrom to the circuit court of appeals. The first question for consideration which arose on the appeal was one of jurisdiction, and it was whether there was a separable controversy between the plaintiff, a citizen of Tennessee, and the guarantee company, an alien corporation, so as to justify a removal at the sole instance of the latter. The court, after reciting that the obligation of the teller and his surety was joint and several, that the suit was for a joint liability, and the defendants could not control the form of the action in that respect, said:

"Therefore it could not be removed as a separable controversy by the guarantee company, when Schardt (the teller) was its codefendant, against the objection of the plaintiff. Of course, the plaintiff could, if it chose, at any time dismiss Schardt's representative from the suit, and make it a several suit against the company. By making no objection to the removal, by making no motion to remand, and by proceeding to trial without protest, and taking a separate judgment against the guarantee company, we must hold that it consented to a severance of the joint action into two several actions,— one against Schardt, which seems to have remained in the state court or to have been dismissed, and the other against the guarantee company, of which the court below might properly take jurisdiction on the ground of diverse citizenship. Of course, consent cannot give jurisdiction to the federal court over an action not cognizable therein; but when it is cognizable, as its form is joint or several, and a party has the option to treat it as either, we think, in order to maintain the jurisdiction when it has been exercised without objection from him, that he should be held to have elected to treat the action as several as of the time when the removal was effected."

The conclusions which have been stated render it unnecessary to decide the other ground stated in the petition for removal; that is to say, that the Memphis Company was fraudulently and improperly made a party defendant for the sole purpose of preventing a removal of the cause to this court. It may be said, however, that there are some grounds for the contention that the San Francisco Company is too late in the assertion of this cause for removal, for the reason that, if it is well founded, it existed when the first attempt at removal was made, and should have been urged at that time.

The motion to remand is overruled.