### FOGARTY v. SOUTHERN PAC. CO. et al.

#### (Circuit Court S. D. California, S. D. March 16, 1903.)

1. REMOVAL OF CAUSES—GROUND FOR REMOVAL—WAIVER OF RIGHT TO REMOVE.
   In an action in a state court against a citizen of the state and a citizen of another state the suit was dismissed as against the citizen of the state, but no notice of such dismissal was served on the other defendant, and thereafter, while ignorant of the dismissal, it requested a change in the time fixed for the trial of the case. *Held*, that it had not waived its rights to a removal.

2. SAME—TIME FOR REMOVAL—REASONABLE TIME.
   The motion for removal having been granted 19 days from the dismissal will be held to have been made within a reasonable time after the right of removal arose, though it did not appear when the moving party learned of his right to remove, or when the petition for removal was filed.

Messrs. Sullivan & Sullivan and Theo. J. Roche, for plaintiffs.

W. H. Spencer, P. F. Dunne, C. E. Nougues, and Messrs. Flint & Barker, for defendant.

ROSS, Circuit Judge. This is a motion to remand the case to the state court, from which it was transferred. The action was brought against the defendant company, a corporation of the state of Kentucky, and one Nelson, a citizen of the state of California, alleging as ground of the action a joint injury by the defendants to the plaintiff. On the 7th day of February, 1903, the plaintiff having notified the defendant company that on that day he would move to set the case for trial, the plaintiff appeared, and moved the court to dismiss the action as against the defendant Nelson, which was then done by an order entered in the minutes, and the case thereupon set for March 9, 1903, for trial, the plaintiff demanding a jury. The defendant company was unrepresented on that occasion, and, so far as the record shows, was at no time notified of the dismissal of the action as against its codefendant, Nelson. Its attorney of record, on the 13th of February, 1903, made a verbal request of the representative of the plaintiff's attorneys for a change in the time fixed for the trial of the case, which suggestion was not acceded to by the attorneys for the plaintiff, and

thereafter the defendant company filed in the state court a petition and bond for the removal of the action to this court, which motion was granted by an order entered on the 26th day of February, 1903. The time of the presentation of the petition and bond for the removal is not made to appear in the record, nor does it appear when the defendant company first learned of the dismissal of the action as to Nelson, and its consequent right to remove the case to this court.

It is clear that prior to the dismissal of the case as against the defendant Nelson, no ground of removal existed. That right in the defendant company first arose upon the dismissal of the action as against its codefendant on the 7th day of February, 1903. No notice of such dismissal appears to have been given to the defendant company at any time, and the verbal request of its attorney for a change of the time set for the trial of the action in the state court was, so far as appears from the record, made in ignorance of the fact that the right of removal on the part of the defendant company then existed. That fact is of itself sufficient to show that the defendant company cannot be held to have waived its right in that respect by the verbal application of its attorney, even if, by such an application, unacceded to, it would otherwise be held bound. Nor, from the facts appearing, can it be properly held that the application for the removal of the action was not made by the defendant company within a reasonable time after its right of removal arose.

The motion is denied.