### FIDLER v. WESTERN COAL & MINING CO. et al.

District Court, W. D. Arkansas, Ft. Smith Division. June 11, 1929.

Holland & Holland, of Ft. Smith, Ark.. for plaintiff.

T. B. Pryor, of Ft. Smith, Ark., for defendant Western Coal & Mining Co.

YOUMANS, District Judge. This cause was removed from the circuit court for the Greenwood district of Sebastian county, Ark., to this court by the Western Coal & Mining Company, which is a Missouri corporation. The other three defendants are Arkansas corporations.

It is conceded by the plaintiff that the cause of action stated in the complaint is a separable controversy so far as the defendants Mid-West Coal Company and Home Accident Company are concerned. The only question to be considered on this motion to remand is the relation to the controversy of the defendant corporation, Mama Coal Company.

There is no question about the amount in controversy or the fact that the Western Coal & Mining Company is a nonresident corporation.

The petition for removal states "that the plaintiff has for the fraudulent purpose of preventing this defendant from removing this cause to the Federal Court, and for the fraudulent purpose of defeating the Federal Court of jurisdiction, joined in this complaint the Mama Coal Company, Mid-West Coal Company and Home Accident Company, corporations organized under the laws of the State of Arkansas; that the Mama Coal Company has dissolved and surrendered its charter and is and was hopelessly bankrupt, and that no valid service has been had upon said company and that said Mama Coal Company was not in good faith joined as a party defendant."

The petition for removal, after certain allegations with reference to the Mid-West Coal Company and the Home Accident Company, proceeds to deny the allegations of negligence made in the complaint. In the motion to remand, the plaintiff states "that all of said defendants were joined in good faith and he denies that for the fraudulent purpose of preventing the Western Coal & Mining Company from removing this cause to the Federal Court, and for the fraudulent purpose of defeating the Federal Court of jurisdiction, said defendants were joined with said Western Coal & Mining Company, but said defendants were joined as parties defendant in good faith."

The motion to remand also denies that the Mama Coal Company is wholly bankrupt, and alleges that valid service had been made upon it.

The burden of proof is upon the Western Coal & Mining Company to show fraudulent joinder. Upon the hearing of the motion to remand, it developed that the only question involved was whether the Mama Coal Company had been made a party to the suit. It was undisputed that the Mama Coal Company had dissolved under section 35 of Act No. 250 of the Acts of the General Assembly of Arkansas of 1927 (page 880). It was also undisputed that such dissolution was had after the time it was alleged in the complaint that the injury had been sustained by the plaintiff through the negligence of the Mama Coal Company and the Western Coal & Mining Company. It was also undisputed that the Mid-West Coal Company had been formed immediately after the dissolution of the Mama Coal Company.

Section 36 of Act 250 of the Acts of Arkansas of 1927 (page 881) reads as follows:

"*Continuation of Corporation after Dissolution for the Purpose of Suit, etc.*—All corporations, whether they expire of their own limitations or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution of bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them gradually to set-

tle and close their business, to dispose of and convey their property, and to divide their assets, but not for the purpose of continuing the business for which said corporation shall have been established."

Section 37 of the same act (page 881) reads as follows:

"Upon the dissolution of any corporation under the provisions of Section 45 [35] of this act, or upon the expiration of the period of its corporate existence, limited by its certificate of incorporation, the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and convey the property, real and personal, and divide the monies and other property among the stockholders after paying or adequately providing for the payment of its liabilities and obligations."

Section 38 of the same act (page 882) reads as follows:

"*Trustees under Dissolution; Powers and Liabilities.*—The persons constituted trustees as aforesaid shall have authority to sue for and recover the aforesaid debts and property, by the name of the trustees of such corporation, describing it by its corporate name, and shall be suable by the same name for the debts owing by such corporation at the time of its dissolution, and shall be responsible for such debts to the amount of the monies and property of such corporation which shall come into their hands or possession."

The complaint alleges that, shortly after the date of the alleged injury to plaintiff, "the said Mama Coal Company surrendered its charter and sought to dissolve said corporation in accordance with the terms of Act No. 250, Acts of 1927, Acts of Arkansas; and this plaintiff alleges that under the terms of said act said corporation is still in existence for the purpose of this suit."

Under the summons in this case, the sheriff was directed to summon Western Coal & Mining Company, Mama Coal Company, Mid-West Coal Company, and Home Accident Company. The summons bears the date of 31st of December, 1928.

The return of the sheriff reads as follows: "State of Arkansas, County of Sebastian.

"I have this 3 & 4 day of January, 1929 at Fort Smith & Greenwood, Arkansas duly served the within by delivering a copy of the same to each individual within named. Western Coal & Mining Company by delivering a copy of the same to T. B. Pryor as designated agent for said company, and Mama Coal Company by delivering a copy of the same to W. E. Templeton as designated agent of said company, and Mid-West Coal Company by delivering a copy of the same to W. E. Templeton as designated agent for said company, and Home Accident Company by delivering a copy of the same to C. E. Ballenting as designated agent for said company."

It is clear from the allegations of the complaint, followed by the issuance and service of summons, that it was the intention of the plaintiff to make the Mama Coal Company a party defendant. The allegations of the complaint make it jointly liable with the Western Coal & Mining Company.

It nowhere appears that the plaintiff has dismissed or abandoned his suit against the Mama Coal Company.

Section 1239 of Crawford & Moses' Digest of the Statutes of Arkansas reads as follows:

"The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." Armstrong v. Kansas City Southern Ry. Co. (C. C.) 192 F. 608.

Under that section, the state court could correct a mistake in the name of a party, if there was such a mistake, or it could add to the complaint the name of any party, if such court should hold that the director-trustees of the dissolved Mama Coal Company are necessary parties, and a summons could be issued for such parties.

It is clear that there was an attempted service of summons upon the Mama Coal Company.

The plaintiff has done nothing up to this time to eliminate the Mama Coal Company.

In the case of Berry v. St. Louis & S. F. R. R. Co. (C. C.) 118 F. 911, Judge Hook, then District Judge, said:

"The plaintiff's cause of action against the two railroad companies is in its nature joint or several, according to her election. She could sue them separately or she could sue them jointly, and the defendants have no voice in the exercise of her option. The particular form of plaintiff's proceedings, whether joint or several, is not controlled by the character of her cause of action, but it rests wholly in her election. And having once made her choice of one form of action

she is not precluded from abandoning it and resorting to the other at any appropriate stage of her case. The plaintiff, having a cause of action against the two railroad companies that was joint and several, elected to sue them jointly, and it may be conceded, so far as concerns the question under consideration, that her course in that respect marked the character of her suit down to the time it was called for trial in the state court."

In that case, the plaintiff, without service of summons on the resident defendant, elected to proceed to trial as against the other defendant. Such election was held to be an abandonment of the suit against the resident defendant.

Nothing of that kind has yet occurred in this case. Before the proceedings in the state court had reached the point of a hearing upon the sufficiency of the service, or the sufficiency of parties, the case was removed to this court.

In the case of Lathrop, Shea & Henwood Co. v. Interior Construction Co., 215 U. S. 246, 30 S. Ct. 76, 54 L. Ed. 177, certain questions had been certified to the Supreme Court of the United States. After quoting those questions, the Supreme Court, speaking through Mr. Justice McKenna, said:

"But there is a question of jurisdiction paramount to that passed on by the Circuit Court. It will be observed that the action against the railroad company was not dismissed by plaintiff, but, against its contention, by the Supreme Court of the State, whose judgment was affirmed, also against its contention, by the Appellate Division of that court. This did not take jurisdiction from the state court to proceed against the Construction Company nor make the judgment against it invalid."

The Supreme Court on its own motion went behind the certificate of the Circuit Court, and held that the case had been improperly removed from the state court to the federal court; it appearing that there had been a dismissal of the suit in the state court of the resident defendant over the objection of the plaintiff, or at least without his consent.

In the case of Whitcomb v. Smithson, 175 U. S. 635, 637, 20 S. Ct. 248, 249 (44 L. Ed. 303), Mr. Chief Justice Fuller, speaking for the court, said:

"The contention here is that when the trial court determined to direct a verdict in favor of the Chicago Great Western Railway Company, the result was that the case stood as if the receivers had been sole defendants, and that they then acquired a right of removal which was not concluded by the previous action of the Circuit Court. This might have been so if when the cause was called for trial in the state court plaintiff had discontinued his action against the railway company, and thereby elected to prosecute it against the receivers solely, instead of prosecuting it on the joint cause of action set up in the complaint against all the defendants. Powers v. Chesapeake & Ohio Railway, 169 U. S. 92 [18 S. Ct. 264, 42 L. Ed. 673]. But that is not this case. The joint liability was insisted on here to the close of the trial, and the non-liability of the railway company was ruled in invitum. * * *

"This was a ruling on the merits, and not a ruling on the question of jurisdiction. It was adverse to plaintiff, and without his assent, and the trial court rightly held that it did not operate to make the cause then removable and thereby to enable the other defendants to prevent plaintiff from taking a verdict against them."

In the case of American Car & Foundry Co. v. Kettelhake, 236 U. S. 311, 35 S. Ct. 355, 59 L. Ed. 594, the Supreme Court of the United States again considered the question of the removal of a case from a state court to a federal court upon the dismissal of the suit as to a resident defendant. After reviewing the decided cases, the court said:

"Taking these cases together, we think it fairly appears from them that where there is a joint cause of action against defendants resident of the same State with the plaintiff and a non-resident defendant, it must appear to make the case a removable one as to a non-resident defendant because of dismissal as to resident defendants that the discontinuance as to such defendants was voluntary on the part of the plaintiff, and that such action has taken the resident defendants out of the case, so as to leave a controversy wholly between the plaintiff and the non-resident defendant."

There has been no showing of a fraudulent joinder of the Mama Coal Company. There has been no dismissal of the case as against it by the plaintiff. It is perfectly clear that under section 1239 of Crawford & Moses' Digest of the Statutes of Arkansas the director-trustees of the Mama Coal Company can be made parties plaintiff if it is held that they are necessary parties. Therefore the motion to remand must be sustained.