## HANE v. MID-CONTINENT PETROLEUM CORPORATION et al.

District Court, N. D. Oklahoma.

No. 1181.

Feb. 9, 1931.

Holly Anderson, B. A. Hamilton and E. J. Doerner, all of Tulsa, Okl., for plaintiff.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, and J. P. Greve, all of Tulsa, Okl., for defendants.

KENNAMER, District Judge.

This is an action for damages for wrongful death. The plaintiff is a resident of the state of Oklahoma; the defendant corporation, it is alleged, is a resident of the state of Delaware, and there are three individual defendants, alleged to be residents of Oklahoma. The case was removed to this court from the District Court of Tulsa county, Okl., upon the petition of the nonresident corporate defendant. A motion to remand the cause to the state court is before the court for determination.

An action by the same plaintiff, against the corporate defendant and the individual defendant, Smith, was instituted some time ago. It was removed to this court, and, upon denial of the plaintiff's motion to remand the cause to the state district court, plaintiff took a nonsuit, and subsequently instituted this action. See 43 F.(2d) 406. In the reported case, the allegations of the petition are set forth, and, with the exception of additional allegations, which will be referred to herein, the petition in this cause is identical.

Plaintiff in this action alleges, in addition to the allegations in the reported case, that J. E. Prichard did all of the things charged to Smith, and further that Smith and Prichard were in complete and absolute control as employees of the Mid-Continent Petroleum Corporation, of the gas engine and pump, with authority to construct, reconstruct, and change it, and that, by reason of their authority, they removed certain boards from the building housing the engine, as well as built the building so near the gas engine as to make it unsafe; that snow and ice covered the ground around the unguarded and unprotected gas engine and pump, and that Smith and Prichard permitted the deceased to be employed about the gas engine and pump without warning him of the dan-

246

gerous condition. It was alleged that the defendant Forrest was a fellow servant and a coemployee, and that he, knowing the unsafe conditions, failed to advise or warn the deceased of the condition, but caused him to walk into the house while the gas engine and pump were in motion, and that he failed to stop the engine while the deceased was in the engine house and around the engine.

The corporate defendant is charged with negligence in failing to furnish the deceased a safe place in which to work, as well as being charged as the employer of the individual defendants and the deceased.

It is to be observed that plaintiff has attempted to plead a cause of action against the individual defendants, but does not charge them with any misfeasance. Unless they are liable under the Factory Act of Oklahoma (Comp. St. 1921, § 7229), the petition does not state a cause of action against them, as acts of nonfeasance, or omissions, only are charged. Such allegations do not render them liable to plaintiff, unless the Factory Act is applicable. It must be noted that it is not alleged by plaintiff that the removal of boards from the building housing the gas engine and pump were done at the time, or during the time, of the alleged injury, or that any affirmative act was done by the individual defendants which contributed to the injury.

The Factory Act was considered at length in the case filed prior to this action, and which is referred to above. An obvious attempt has been made by the plaintiff to plead a case under the Factory Act, and to set forth allegations taking this action outside the rulings made before. It is specifically alleged in this action that the deceased as well as the individual defendants were employees of the corporate defendant at the time of the alleged injury, and that the corporate defendant was the owner of the lease, engine, and pump. The Factory Act renders liable only the owner or person in charge, and, as pointed out in the opinion referred to above, does not impose liability upon both the owner and person in charge. The statute speaks in the disjunctive, rather than in the conjunctive, and, as construed, renders liable the owner, unless the person in charge is a lessee or an independent contractor, as distinguished from an employee having charge of the operations, even with authority to alter or change the engine. Plaintiff's petition falls far short of allegations imposing liability upon Smith and Prichard as lessees or contractors, but merely charges that they were employees of the corporate defendant, having authority to construct or change the engine and pump. It is therefore apparent that no cause of action is pleaded against these defendants, as they are not liable under the Factory Act, and are not liable to a coemployee for acts of omission or nonfeasance. See Morefield v. Ozark Pipe Line Corp. (D. C.) 27 F.(2d) 890.

No cause of action is alleged against the defendant Forrest, as a fellow servant is not liable to his coworker for acts of omission.

It may well be observed that, even if the petition of plaintiff stated a cause of action against the resident individual defendants by reason of a statutory liability, which it does not, the cause would be removable, as the liability sought to be imposed upon the nonresident defendant is upon the ground of its failure to furnish the deceased a safe place in which to work. This is separable liability from statutory liability. The duty of furnishing a safe place to work rests upon the master, and is a nondelegable duty. However, this is unimportant because in fact no liability arises under the Factory Act against the resident defendants.

It is urged by the corporate defendant that, although summons were issued to all of the defendants, only it has been served, and that the resident individual defendants have not as yet been served with process. The transcript filed in this court discloses this to be the fact. It is insisted that only parties to the action who have been served with process are before the court, and are the only ones who may be considered in removal proceedings. The authorities do not sustain the removing defendant's contention. My attention has been directed to the cases of Hunt v. Pearce (C. C. A.) 284 F. 321; Keenan v. Gladys Belle Oil Co. (D. C.) 11 F.(2d) 418; Community Bldg. Co. v. Maryland Casualty Co., 8 F.(2d) 678; Kelly v. Alabama Quenelda Graphite Co. (D. C.) 34 F.(2d) 790; Galehouse v. Baltimore & Ohio R. R. Co. (C. C. A.) 274 F. 370. These are cases where joint causes of action are pleaded against two nonresident defendants, one of whom has been served, and the causes removed by the nonresident defendant who has been served with process. It has been well established that, where the joint action is against two nonresident defendants, only one of whom has been served, that one may remove the case to the federal court, without any petition, application, or action by the defendant not served. However, in the instant case, the defendant served as a non-

resident, and the defendants not served with process are resident defendants. The fact that these resident defendants are not served with process does not make the action separable, which was pleaded as a joint action. The mere fact that the resident defendants in a joint suit were not served at the time of the removal of the cause to the federal court does not entitle the nonresident defendant to the removal as for a separable controversy. Armstrong v. Kansas City Southern Ry. Co. (C. C.) 192 F. 608; Patchin v. Hunter (C. C.) 38 F. 51; Ames v. Chicago, S. F. & C. Ry. Co. (C. C.) 39 F. 881, 883. The cause remains joint as to the nonresident and resident defendants, although the resident defendants are not served with process, until the action is dismissed as to the resident defendant, or some action is taken by the plaintiff which constitutes a voluntary abandonment of the joint character of the action.

In Berry v. St. Louis & S. F. R. Co. (C. C.) 118 F. 911, an action was instituted against a resident and a nonresident defendant, on a joint and several liability. No process was served on the resident defendant, and, upon the trial of the cause, the nonresident defendant appeared and moved that plaintiff be required to elect whether she would dismiss as to the resident defendant or continue the cause for service. She declined to do either, but requested that the cause proceed to trial against the nonresident defendant. The nonresident defendant then asked that the case be removed to the federal court. The court held that the election to proceed to trial against the nonresident defendant operated as a severance of the controversy, and entitled the nonresident defendant to a removal of the cause. Under the Oklahoma Statute (section 237, Compiled Oklahoma Statutes 1921), when the writ is returned "not summoned," other writs may be issued, until the defendant or defendants shall be summoned. Therefore the failure to obtain service upon the resident defendant does not make the cause removable by the nonresident defendant, but, when the plaintiff does some act, such as voluntarily dismissing the action as to the resident defendant, or works a severance of the controversy, it may be removed by the nonresident defendant.

But the last-considered proposition is not controlling in the instant case. If plaintiff's petition had stated a cause of action against the resident defendants, the cause would not have been removable, even though the resident defendants had not been served with summons, but, as pointed out herein,

the petition does not state a case against the resident defendants, so the cause is properly removable to this court.

Plaintiff's motion to remand the cause to the state district court is overruled and denied.