HOUPBURG v. KANSAS CITY STOCK YARDS CO. OF MAINE et al.

No. 8270.

United States District Court
W. D. Missouri, W. D.

Sept. 9, 1953.

Rogers, Field & Gentry, Kansas City, Mo., for plaintiff.

Brenner, Van Valkenburgh & Wimmell, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

The only question for decision in this case is whether the plaintiff voluntarily abandoned the joint character of his proceeding. It is admitted that a joint cause of action was stated and that the local defendant was not served with process until after the non-resident defendant had sought removal. Clearly it was too late after removal proceedings were filed to cause service to be made upon the local defendant if otherwise the plaintiff had voluntarily abandoned the joint character of the proceeding.

An affidavit supplied by one of the attorneys for plaintiff indicates that failure to have process served was a mere inadvertence. Counsel for the non-resident defendant relies on a letter dated May 29, 1953, as follows:

> "In re: Holland Houfburg v. Kansas City Stock Yards Company No. 549986—our File No. 3839

> "This is to notify you we shall expect to try the above case either on June 8, 1953, or some day during the week of June 8, 1953.

> "We are bringing Mr. Houfburg here from Idaho for the purpose of trial, and we shall insist upon a disposition of the case at that time."

Counsel for plaintiff insists that they were not apprized of the fact that no service had been had upon the local defendant until the non-resident defendant had filed its petition for removal and that there was no purpose on the part of the plaintiff or his counsel voluntarily to abandon the joint proceeding.

 The case of Southern Pacific Company v. Haight, 9 Cir., 126 F.2d 900, loc. cit. 903–904 is relied upon by counsel for the retention of jurisdiction by this court. By paragraph 7 of said opinion the court said:

"The question therefore narrows itself down to a determination of whether or not plaintiff's voluntary action in the State Court constituted in effect a severance of the cause of action as to the Southern Pacific Company."

It is the law without controversy that a discontinuance of an action against the resident defendant is tantamount to an abandonment of the joint procedure. Usually such abandonment is evidenced by a dismissal as to the local defendant. In the Haight case, supra, the court relied upon Berry v. St. Louis & S. F. R. Co., C.C., 118 F. 911, 913. In the Berry case the court said:

"In the case in hand the plaintiff abandoned her right to a joint judgment by demanding a trial as to one defendant in the absence of service upon the other."

An identical situation prevailed in the Haight case.

 In view of the affidavit submitted by the plaintiff it does not appear that the court should hold that there was a voluntary abandonment of the joint character of the proceeding.

Accordingly, the motion to remand should be sustained.