Vincil STAMM, Plaintiff,

v.

AMERICAN TELEPHONE & TELEGRAPH COMPANY, Western Electric Company, Audivox, Inc., and Richard H. Tatum, Defendants.

Civ. A. No. 9645.

United States District Court
W. D. Missouri, W. D.

April 19, 1955.

B. T. Hurwitz and Roger T. Hurwitz, Kansas City, Mo., for plaintiff.

William Coleman Branton, of Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for defendants.

WHITTAKER, District Judge.

I deal now with plaintiff's motion to remand, which turns upon (1) the legal question of whether diversity is to be determined as of the time of removal, as the removing defendants contend, or as of the time of institution of the suit, and (2) upon the factual question of whether plaintiff had voluntarily abandoned or discontinued the action as to the resident defendant before the removal.

Briefly summarized, the facts which present these issues are that, on January 27, 1953, plaintiff, a citizen of Kansas, commenced this suit, in the Circuit Court of Jackson County, Missouri, at Kansas City, jointly, against American Telephone & Telegraph Company (hereinafter called AT&T), a New York corpo-

ration, Western Electric Company (hereinafter called Western), a New York corporation, and Richard H. Tatum, then a citizen of Missouri, to recover damages for claimed misrepresentation and deceit practiced upon the plaintiff by the defendant, Tatum, as the agent and servant of, and in the scope and course of his employment by, AT&T and Western. Process was served on defendants, AT&T and Western, and they answered, but the summons issued for defendant, Tatum, was returned unserved, and no alias summons was issued for him, and he has never been served with process.

On February 26, 1955, plaintiff, with leave of the state court, filed an amended complaint, bringing in, as an additional defendant, Audivox, Inc., a Delaware corporation, but no service of process has been had upon it.

On March 3, 1955, defendants, AT&T and Western, filed herein their petition and bond for removal of the cause to this Court, alleging that at the time of the institution of this suit plaintiff was, and still is, a citizen of Kansas, and that defendant-petitioners; AT&T and Western, were, and still are, citizens of New York, that Audivox has not been served with process, that Tatum "although a citizen and resident of the state of Missouri at the time of the commencement of said action, is now a citizen and resident of the state of Pennsylvania", and has not been served with process, and that since the non est return as to him of January 28, 1953, no alias summons has been issued for him, and that, thus, "plaintiff has abandoned his action against Richard H. Tatum" (petitioners attach an affidavit of Tatum, saying that from June 30, 1950, until August 8, 1953, he was a citizen and resident of Missouri, and that on August 8, 1953, he became, and, until June 1, 1954, remained, a citizen of New York, that on the latter date he became, and he yet remains, a citizen of Pennsylvania, and that he has never been served with process herein); that "on February 18, 1955, your petitioners first learned of defendant, Tatum's, removal from the

state of Missouri", and that, hence, "the time within which to file their petition for removal herein has not yet expired", and they alleged that the controversy in the case is now wholly between citizens of different states, to-wit: between the plaintiff, on the one hand, and AT&T and Western on the other, and that the amount in controversy exceeds the sum or value of $3,000.

Plaintiff has moved to remand.

■ It is clear that the fact that defendant, Audivox, Inc., has not joined in the petition for removal is not an impediment to removal by AT&T and Western, because Audivox has not been served with process. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

From the foregoing, it is evident that a joint cause of action was stated by the plaintiff (a citizen of Kansas), in the state court, against AT&T, Western (citizens of New York), Audivox (a citizen of Delaware), and Tatum, who was then, and for more than six months thereafter, a citizen and resident of Missouri, but who, at the time of the filing of the petition for removal, on March 3, 1955, was a citizen and resident of Pennsylvania. Out of these facts the first question arises, as to whether diversity is shown.

■ Petitioner-defendant, AT&T and Western, contend that it is, saying that "The removable character of a cause is determined as of the date the petition for removal is filed" and they cite Brown v. Eastern States Corp., 4 Cir., 181 F.2d 26, 28. That case clearly announces the law that a "case is not to be remanded if it was properly removable upon the record as it stood at the time the petition for removal was filed." But how stood the record here at the time the petition for removal was filed? Does it not show that at the time of the institution of the suit the defendant, Tatum, was a citizen and resident of Missouri? For nearly three-quarters of a century the law has been well-settled that an action may not

be removed from a state to a Federal court, on the ground of diversity of citizenship at the time of filing the petition for removal unless such diversity also existed at the time of the commencement of the suit. Gibson v. Bruce, 108 U.S. 561, 2 S.Ct. 873, 27 L.Ed. 825; Houston & Texas Central R. Co. v. Shirley, 111 U.S. 358, 4 S.Ct. 472, 28 L.Ed. 455; Akers v. Akers, 117 U.S. 197, 6 S.Ct. 669, 29 L.Ed. 888; Kellam v. Keith, 144 U.S. 568, 12 S.Ct. 922, 36 L.Ed. 544; Jackson v. Allen, 132 U.S. 27, 10 S.Ct. 9, 33 L.Ed. 249; Young v. Parker, 132 U.S. 267, 10 S.Ct. 75, 33 L.Ed. 352; Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914; Kraut v. Worthington Pump & Machinery Corp., D.C.N.Y., 1 F.Supp. 307. Thus, though defendant, Tatum, was not, on March 3, 1955, when the removal petition was filed, a citizen of Missouri, and had not been since August 8, 1953, the admitted fact is that he was a citizen of Missouri at the time of the institution of this suit, and, therefore, under the cases cited, diversity of citizenship does not exist, unless the plaintiff by some affirmative act of his has, meanwhile, abandoned or discontinued the action as to the defendant, Tatum, and that matter presents the next, and only remaining, question for consideration.

 It is quite well-settled that if the plaintiff voluntarily dismisses, discontinues, or in any way abandons, the action as to the resident joint defendant, the cause then becomes removable, and may, upon prompt action, be removed by the nonresident defendants who have been served. Section 1446, Title 28 U.S. C.A.; Houpburg v. Kansas City Stock Yards Company, D.C.Mo.1953, 114 F. Supp. 659, 660; Maxwell v. De Long, D.C.Mo., 107 F.Supp. 166; Southern Pacific Co. v. Haight, 9 Cir., 126 F.2d 900, 903; Powers v. Chesapeake, etc., R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Yulee v. Vose, 99 U.S. 539, 25 L.Ed. 355;

Fidler v. Western Coal & Mining Co., D.C.Ark., 33 F.2d 158; Hane v. Mid-Continent Petroleum Corp., D.C.Okl., 47 F.2d 244, 247; Fogarty v. Southern Pacific Co., C.C., 121 F. 941. But what has this plaintiff done that can be said to amount to a voluntary dismissal, abandonment, or discontinuance, of the action as to the defendant, Tatum? All that petitioning defendants point to is that, since the non est return, made January 28, 1953, on the summons issued for defendant Tatum, plaintiff had not, prior to the removal on March 3, 1955, sued out an alias summons for him. I have not been able to find a case holding that this shows, and I do not believe it shows, a voluntary dismissal, abandonment, or other discontinuance, of the action by the plaintiff as to the defendant, Tatum, and, hence, it cannot be said that plaintiff, up to the time of this removal, had voluntarily dismissed, abandoned, or discontinued, the action as to the defendant, Tatum.

It follows, in my opinion, that the removal was at least premature, and that plaintiff's motion to remand is good and must be sustained.

█ The temptation is overpowering to say that plaintiff's victory on this remand is probably more fanciful than real, and will be short-lived, because, unless defendant, Tatum, will enter his appearance in the case—which seems unlikely—probably the defendant will press for trial, and if plaintiff then announces ready for trial or proceeds to trial without the defendant, Tatum, in court, that action of the plaintiff will constitute a voluntary dismissal, abandonment, or discontinuance, of the action as to the defendant, Tatum, which would then undoubtedly render the case removable; but I must deal on the record as it stands before me now, and, on that record the removal was at least premature, and the motion to remand must be sustained.