**NPSA SERVICE CORPORATION,
Plaintiff–Appellant,**

v.

**INDEPENDENT AMERICAN SAVINGS ASSOCIATION, FSLA and Charles Marshall, Substitute Trustee, Defendants–Appellees.**

No. 87–1956.

United States Court of Appeals,
Fifth Circuit.

April 3, 1989.

---

7. *See* Sentencing Guidelines § 2D1.1 commentary.

8. *See* Fed.R.Civ.P. 32(c)(3)(A), (B) & (C) advisory committee's note on 1983 amendment.

Robert H. Renneker, Christopher M. Weil, Dallas, Tex., for plaintiff-appellant.

Larry D. Carlson, Kenneth B. Tomlinson, Dallas, Tex., for amicus curiae FSLIC.

C. Michael Moore, Martin R. Griffin, Dallas, Tex., for intervenor Sunbelt Sav., F.S.B. and appellees.

Before GOLDBERG, HIGGINBOTHAM and DAVIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This case reaches us in a unique posture. All parties agree that the case was improvidently removed from state court, and that the federal district court wrongly dismissed the plaintiff's claims. They disagree about whether the case should be remanded to state court, or instead remanded to federal district court to determine whether subsequent factual developments would justify removal. We hold that remand to state court is mandatory because the federal courts were without jurisdiction at the time of removal and remained so when the contested removal was validly appealed.

## I

NPSA Service Corporation borrowed money from Independent American Savings Association (IASA) to purchase four shopping centers in 1985. In exchange for this financing, NPSA executed promissory notes in favor of IASA. In 1986, NPSA stopped making payments on the notes, claiming that IASA had breached obligations it owed to NPSA.

In May 1987, the Federal Home Loan Bank Board appointed FSLIC as receiver for IASA. FSLIC transferred substantially all of the assets and liabilities of IASA to a new entity, Independent American Savings Association, Federal Savings and Loan Association ("New Federal"), the defendant in this suit.

After successful negotiations between NPSA and New Federal, New Federal posted the shopping centers for foreclosure on October 6, 1987. On that same day, NPSA filed this action in state court, naming as defendants New Federal and Charles T.

Marshall as Substitute Trustee. NPSA did not sue either the failed association, IASA, or the FSLIC, its receiver. NPSA sought damages, and declaratory and injunctive relief.

In addition to filing suit on October 6, NPSA on the same day sought a state court temporary restraining order to enjoin New Federal from foreclosing on the shopping centers. NPSA obtained the order. New Federal nonetheless foreclosed upon the properties, contending that there was never a valid temporary restraining order because NPSA failed to post a bond sufficiently quickly. The parties continue to dispute vigorously the validity of the restraining order.

October 6 was a busy day for both parties. New Federal not only foreclosed on the properties that day, but also removed this suit to federal court. New Federal contended that federal jurisdiction existed pursuant to 12 U.S.C. § 1730(k)(1) (authorizing federal jurisdiction over certain suits to which the FSLIC is a party) and 28 U.S.C. § 1441(a) (governing removal jurisdiction).

NPSA filed a timely motion for remand, contending that § 1730(k)(1) did not support removal of the case because neither FSLIC nor IASA, the failed association, were the parties to the case. New Federal, on the other hand, sought dismissal of the case on the ground that the claims asserted were subject to the primary jurisdiction of the Federal Home Loan Bank Board. *See North Mississippi Savings and Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). The Supreme Court has since rejected the *Hudspeth* doctrine. *Coit Independence Joint Venture v. FSLIC,* —— U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989).

The district court agreed with New Federal, dismissing the suit and denying NPSA's remand motion. Thereafter, the district court entered a preliminary injunction in favor of New Federal. NPSA appeals from the dismissal, the denial of remand, and the entry of the injunction.

The defendant parties urge, however, that additional events relevant to this appeal took place while the appeal was pending. On August 19, 1988, New Federal itself went into FSLIC receivership. Some of the assets and liabilities of New Federal were, on the same day, transferred by the FSLIC to Sunbelt Savings, F.S.B. ("Sunbelt"). We have permitted Sunbelt to intervene in this appeal. The FSLIC as receiver has sought to substitute itself for New Federal as the true party in interest in this case, and we have carried that motion with the case. The parties do not appear to agree upon what entity—the FSLIC as receiver, or Sunbelt—is in fact the successor to the interests defended by New Federal. NPSA has indicated that it would like to amend its complaint in a way that might identify Sunbelt, rather than the FSLIC as receiver, as the party in interest.

## II

Sunbelt and the FSLIC agree on appeal with the remand argument made by NPSA in district court: because neither the FSLIC nor the failed association IASA was a party to the suit at the time it was removed, there was no federal jurisdiction and the suit should have been remanded. We likewise agree with NPSA. Section 1730(k)(1) provides a basis for removal only if it is "brought against the FSLIC or an institution in receivership with the FSLIC." See *Henry v. Independent American Ass'n,* 857 F.2d 995, 998–99 (5th Cir. 1988). (Higginbotham, J., concurring specially). The district court did not have subject-matter jurisdiction at the time this case was removed, or at any time thereafter. We must therefore vacate the district court's dismissal of this case, as well as its injunction.

## III

The FSLIC and Sunbelt nonetheless ask that we make the FSLIC a party to this dispute on the basis of the post-appeal events of August 19, and that we remand to federal district court on the ground that the FSLIC's participation in the suit may authorize federal jurisdiction. To settle this issue, we turn to the law governing when a federal court may appropriately retain jurisdiction of a removed case over

which the federal court had no subject matter jurisdiction at the time of removal.

In *Smith v. City of Picayune*, we reiterated the general rule that "the right of removal is determined by the pleadings as they stand when the petition for removal is filed." 795 F.2d 482, 485 (5th Cir.1986). This rule has its roots in the language of 28 U.S.C. § 1447(c), which provides, "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." By referring to how the case *was removed*, rather than to the court's subsequent jurisdiction, the remand statute clearly directs attention to the time when the removal petition was filed. *See also* C. Wright, A. Miller & E. Cooper, 14A *Federal Practice and Procedure* § 3721 & n. 71 (2d ed.1985) (citing cases).

*City of Picayune* itself, however, involved an exception to the general rule; the *City of Picayune* court permitted the judgment of a federal district court to stand even though the court had been without jurisdiction when the case was first removed. We held that because federal subject matter jurisdiction existed at the time the district court entered judgment, and because only the removing party had sought remand, there was no longer any defect in the jurisdiction of the federal courts. 795 F.2d at 485.

Other cases have likewise recognized that when federal jurisdiction arises after removal, a party's prior acquiescence in the federal forum may bar that party from effectively contesting the propriety of removal. In *People of State of Ill. v. Archer Daniels Midland*, 704 F.2d 935, 939 (7th Cir.1983), the Seventh Circuit held that when a plaintiff does not contest removal jurisdiction but instead amends its complaint after removal to include a federal claim, there is no jurisdictional defect resulting from the absence of subject matter jurisdiction at the time of removal. *See also Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972) ("where after removal a case is tried on the merits without objection and the federal court enters

judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court"); *accord, Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117 (5th Cir.1987) (en banc).

None of these exceptions govern today's case, however. In this case, there was no federal subject-matter jurisdiction at any time during the period when the case was before the district court. The asserted basis for subject-matter jurisdiction developed only after the district court had entered its judgment, and after this court assumed appellate jurisdiction over the case. Moreover, the plaintiff did not acquiese in federal jurisdiction while this case was before the district court, and continues to contest jurisdiction vigorously upon appeal.

We therefore hold this case controlled by the general rule that if federal subject-matter jurisdiction is absent at the time of the original removal petition, the case must be remanded to state court.

We have, of course, refrained from "excessively technical" constructions of the pleadings when considering, for purposes of determining removal jurisdiction, whether FSLIC or FDIC are parties to the suit at the time of removal. *See North Mississippi Sav. & Loan Ass'n v. Hudspeth*, 756 F.2d 1096, 1100 (5th Cir.1985) (FSLIC case); *Farina v. Mission Investment Trust*, 615 F.2d 1068, 1074–75 & n. 19 (5th Cir.1980) (FDIC case). These decisions, however, in no way alter the fact that FSLIC was not a party to this case at the time of removal or at the time of judgment. FSLIC's claim to participate in this case arose from factual developments occurring on August 19, long after the district court issued its judgment. The FSLIC's absence from the case, and the consequent absence of removal jurisdiction, are not the result of a technical construction of the pleadings or record.

It remains possible that this case will eventually return to federal court. If the FSLIC becomes a party to the case during the state court proceedings following the remand, 28 U.S.C. § 1446(b) (providing for removal of a case which, although not orig-

inally removable, later becomes so) would permit a new removal petition. We have no occasion, of course, to pass upon any jurisdictional issues that may arise if FSLIC becomes a party to the state court proceedings after remand and the defendant(s) properly file(s) a removal petition. The ability to file a removal petition does not necessarily establish the existence of federal court jurisdiction under, for example, 12 U.S.C. § 1730(k)(1). Nonetheless, it remains possible that NPSA's victory today may prove fleeting. *See Stamm v. American Tel. & Tel. Co.*, 129 F.Supp. 719, 721 (D.C.Mo.1955), *quoted with approval in* 14A *Federal Practice and Procedure* at § 3723 & n. 25.

Finding that the district court never had federal subject-matter jurisdiction over this case, we vacate the injunction issued by the district court, and vacate the district court's dismissal order (which not only the district court but also all parties on appeal now concede to be erroneous). We reverse the district court's ruling on NPSA's motion to remand to state court. We therefore remand to the district court for entry of an appropriate order remanding this case to the Texas state courts.

VACATED IN PART, REVERSED IN PART, AND REMANDED.