Alrene Namakahelu FOSTER; Saafiga William Foster, Individually and as Prochein Ami for Summer Namakahelu Foster and Crimson Kaleipua Foster, minors; and Saafiga William Foster, Jr., Plaintiffs,

v.

A.H. ROBINS COMPANY, INC.; Eon Labs, Inc.; Eon Labs Manufacturing, Inc.; Jack I. Victorino, M.D.; John Does 1–10; Jane Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; Roe "Nonprofit" Corporations 1–10; and Roe Governmental Agencies 1–10, Defendants.

No. CV 99–00559 DAE.

United States District Court, D. Hawaii.

Aug. 12, 1999.

L. Richard Fried, Jr., Cronin Fried Sekiya Kekina & Fairbanks, Honolulu, HI, for Alrene Namakahelu Foster, Saafiga William Foster, Summer Namakahelu Foster,

Crimson Kaleipua Foster, Saafiga William Foster, Jr., plaintiffs.

Thomas Benedict, Goodsill Anderson Quinn & Stifel, Honolulu, HI, for A.H. Robins Company, Inc., aka American Home Products Corporation, defendant.

## *ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND*

DAVID ALAN EZRA, Chief Judge.

The court heard Plaintiffs' Motion on August 12, 1999. L. Richard Fried, Esq., appeared at the hearing on behalf of Plaintiff; Jacqueline Earle, Esq., and Thomas Benedict, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the court GRANTS Plaintiffs' Motion for Remand.

### *BACKGROUND*

This action involves the pharmaceuticals fenfluramine hydrochloride and phentermine, commonly known as "fen/phen". Plaintiff Alrene Foster ("Plaintiff") allegedly suffered injuries as a result of taking this diet pill combination. She filed her First Amended Complaint in state court on June 30, 1998, alleging claims against Defendants A.H. Robins Company, Inc. ("AHPC")[1], Eon Labs, Inc., Eon Labs Manufacturing, Inc.[2], and Dr. Jack L. Victorino for products liability and medical malpractice. A trial date is presently scheduled in state court for September 7, 1999.

On August 9, 1999, AHPC removed the action to this court, alleging complete diversity of citizenship based on Plaintiff's July 23, 1999 notice of Dr. Victorino's death. Plaintiffs are citizens of Hawaii; Eon Labs is a citizen of Delaware and New York; Eon Labs Manufacturing is a citizen of New York; AHPC is a citizen of Delaware and New Jersey; and Dr. Victorino was a citizen of Hawaii. Plaintiff filed a Motion for Remand the following day, contesting the existence of diversity jurisdiction and the timeliness of AHPC's removal.

### *STANDARD OF REVIEW*

28 U.S.C. § 1446 provides that:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b)

### *DISCUSSION*

In order to determine the propriety of AHPC's removal, the court must examine (1) whether complete diversity exists, and (2) whether the notice of removal was timely.

AHPC raises two arguments as to why Dr. Victorino's Hawaii citizenship does not destroy diversity jurisdiction. First, AHPC argues that under Hawaii law, a decedent is not a proper party to an action. Second, AHPC contends that even if Dr. Victorino is still technically a defendant, Plaintiffs have voluntarily abandoned their claims against him, thus rendering his citizenship irrelevant.

■ Under Hawaii law, actions involving physical injury or death do not abate upon the death of the alleged wrongdoer. Hawaii Revised Statutes ("H.R.S.") § 634–61. Rather, the action may be continued against the legal representative of the wrongdoer's estate. H.R.S. § 663–5. The claim against the deceased person is dis-

---

**1.** On August 3, 1998, A.H. Robins Company, Inc. was merged into American Home Products Corporation ("AHPC").

**2.** On July 20, 1999, the state court dismissed without prejudice Defendants Eon Labs and Eon Labs Manufacturing.

missed only if no motion for substitution is made within 120 days after suggestion of death on the record. Haw.R.Civ.P. 25(a)(1). Federal Rule of Civil Procedure 25(a)(1) similarly allows a party 90 days in which to move for substitution before the action is dismissed as to the deceased party. Because the time in which to substitute Dr. Victorino's estate or representative has not yet passed, the action against him has not been dismissed.[3] Therefore, removal on this basis is premature.

■ AHPC argues that this conclusion creates a "Catch–22" situation, whereby it must wait for the substitution time period to expire, but if it does so, it will be barred by the 30–day time limit for filing a notice of removal. This argument presupposes that the "suggestion of death" constitutes the "amended pleading, motion, order or other paper" that starts the 30–day clock running. However, because the action is not immediately removable upon the filing of a "suggestion of death," the court concludes that the 30–day period more appropriately commences with the filing of either an amended complaint, a notice of voluntary dismissal, or an order granting dismissal by the court.

AHPC also mischaracterizes the current nature of the action pending against Dr. Victorino. AHPC analogizes this case to that of a plaintiff who files an initially-diverse action in state court and may or may not join additional non-diverse parties at some time in the future. The difference between this case and AHPC's analogy is that diversity existed in the hypothetical case at the time it was removed, and diversity does not yet exist in this case. Just as a timely removal would not be defeated in the hypothetical case by the future possibility of joinder, neither is diversity created here by the speculative dismissal of Plaintiffs' claims against Dr. Victorino. Plaintiffs' action against Dr. Victorino is alive and well until dismissed; it is not merely lying in wait to be revived.

■ Notwithstanding this conclusion, however, if Plaintiffs abandoned their claims against Dr. Victorino either before or after his death, his citizenship is irrelevant. This is so because:

> It is quite well-settled that if the plaintiff voluntarily dismisses, discontinues, or in any way abandons, the action as to the resident joint defendant, the cause then becomes removable, and may, upon prompt action, be removed by the non-resident defendants who have been served.

*Heniford v. American Motors Sales Corp.,* 471 F.Supp. 328, 334 (D.S.C.1979) (citing *Stamm v. American Tel. & Tel. Co.,* 129 F.Supp. 719, 721 (W.D.Mo.1955)). "The paramount consideration in determining whether the dropping of the resident defendant as an adverse party renders a case removable is if such resulted from the voluntary act of the plaintiff." *Id.* at 335.

AHPC contends that Plaintiffs have "manifested a clear irrevocable abandonment" of their claims against Dr. Victorino. In support of this contention, AHPC points out that despite Dr. Victorino's failure to appear in this action, Plaintiffs have not moved for default judgment. Nor, according to AHPC, have Plaintiffs designated any expert witnesses pertaining to claims against Dr. Victorino. Plaintiffs concede that they have not conducted discovery or enlisted any expert to testify as to their informed consent claim, but argue that "[i]f AHP[C], in seeking to defeat Plaintiffs' failure to warn claims, successfully persuades the jury that it warned Dr. Victorino of the risks of PPH [fen/phen], it will necessarily establish the primary elements of Plaintiffs' informed consent claim against Dr. Victorino." Thus, Plaintiffs conclude that "[d]iscovery and expert testimony are unnecessary and superfluous."

---

**3.** The court notes that, in the event Dr. Victorino's estate is substituted, the legal representative will be deemed a resident of Hawaii for purposes of removal. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent …").

■ In response to Plaintiffs' arguments, AHPC correctly notes that expert medical testimony is normally required under Hawaii law for both medical malpractice and informed consent claims. *See Craft v. Peebles,* 78 Hawai'i 287, 893 P.2d 138, 149 (1995) ("It is well settled that in medical malpractice actions, the question of negligence must be decided by reference to relevant medical standards of care for which the plaintiff carries the burden of proving through expert medical testimony."); *Carr v. Strode,* 79 Hawai'i 475, 904 P.2d 489, 500 (1995) (holding that in an informed consent claim, expert medical testimony is ordinarily required to establish the materiality of a particular risk with a particular treatment). However, the Hawaii Supreme Court, in *Carr,* recognized that not all informed consent cases require expert testimony, but that in "relative[ly] infrequent instances ... questions of this type are resolvable wholly within the realm of ordinary human knowledge and experience, the need for the expert is clear." Plaintiffs argue that this case is one such exception.

Plaintiffs also rely on a prior prosecution before the Hawaii Medical Claims Conciliation Panel ("MCCP"), that resulted in a finding of negligence by Dr. Victorino and a recommendation for damages in the amount of $3,000,000, in order to demonstrate their intent to prosecute claims against Dr. Victorino. While the results of a prior MCCP proceeding are not admissible at trial, H.R.S. § 671–16, this section does not prevent the court from considering the existence of such a prosecution in order to determine whether the claims against Dr. Victorino were abandoned.

■ Although Plaintiffs may be proceeding on an ultimately unsuccessful course of action with respect to their claims against Dr. Victorino, this does not mean that, as a matter of law, they have abandoned their claims against him. Because the court concludes that complete diversity does not yet exist by virtue of either Dr. Victorino's death or Plaintiffs' abandonment of claims against him, this court does not have subject matter jurisdiction.[4] Accordingly, pursuant to 28 U.S.C. § 1447(c), Plaintiffs' Motion for Remand is GRANTED.

### CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's Motion for Remand.

IT IS SO ORDERED.

---

4. In light of this conclusion, the court need not reach the issue of whether AHPC's notice of removal was timely.