140 So. 408

## SOUTHERN RY. CO. v. BAILEY.

2 Div. 969.

Supreme Court of Alabama.

Jan. 14, 1932.

Rehearing Denied March 31, 1932.

See also 220 Ala. 385, 125 So. 403.

---

[1] 223 Ala. 457.

457

Evins & Jack, of Greensboro, and Pettus & Fuller, of Selma, for appellant.

Harsh & Harsh, of Birmingham, and S. F. Hobbs, of Selma, for appellee.

BOULDIN, J.

Appellant again invites a ruling on the application for removal of the cause to the federal court on the ground of diverse citizenship. This application was made on a former trial, and the ruling thereon by the trial court reviewed on former appeal.

Since the matter goes to the jurisdiction of the trial court, it may properly be reconsidered at any stage of the proceedings.

We reaffirm our holding on former appeal. It affirmatively appearing that the plaintiff was a resident of this state when suit brought, and that the alleged diverse citizenship had arisen by her removal to another state pending the suit, the application disclosed no ground for removal. See former decision 220 Ala. 386 (1), 125 So. 403, and authorities there cited.

That the trial court overruled demurrer to the application and heard proof on the question of actual change of residence to another state is unimportant.

458

True, the truth vel non of the allegations of a petition in due form setting forth good grounds for removal is triable only in the federal court. But where, as here, the application disclosed no ground for removal, the error of the court in holding it good, and hearing the issue of fact, was harmless. The result was to retain jurisdiction just as the law demanded.

Charge 10 was refused to defendant without error for that it singles out and gives prominence to parts of the evidence.

The oral charge was full and accurate in its instructions to the jury as to the weight to be given the evidence. It directed the jury to consider the testimony in the light of experience and common sense. That this was in fact applied to the controverted evidence of value is indicated by the finding of the jury disagreeing with the opinion evidence on either side on that issue.

Defendant's charges 5 and 1–B were refused without error upon grounds fully discussed in former opinion 220 Ala. 386, 387, (4), (5), (6), 125 So. 403. The oral charge on the last trial was like unto that there considered.

We have carefully considered the evidence touching the origin of the fire, the negligence of defendant, and of the value of the property destroyed. All these questions were for the jury. Indulging the presumptions due to the findings of a jury who saw and heard the witnesses, followed by the approval of the trial judge, we cannot say the verdict was plainly and palpably wrong and unjust.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.