SHORES, Justice
(dissenting):
I respectfully dissent. There is no question that Tillett did the work and that it was accepted by the state. The Advisory Board recommended that Tillett be paid $585,235.58. The trial court found that the highway director approved this recommendation. Although the evidence was disputed, there is evidence which supports the trial court’s finding. I am not convinced that it is palpably wrong and would, therefore, affirm.
I cannot agree with the majority that Tillett cannot be paid by the state because the contract it seeks to enforce was not signed by the governor. In the first place, Tillett does not claim under a contract. This case involves a claim by Tillett for work done and a claim made therefor pursuant to procedures outlined in the “Standard Specifications.” Tillett followed these procedures and filed his claim for supplemental payments after having done the work. Under the “Standard Specifications” when a claim has been filed, a two-step administrative procedure for review is provided for. This was followed. First, a claims committee within the department passes on the claim. If it denies it, the contractor may ask for the appointment of an Advisory Board. This was done, and the board recommended payment of the claim. These facts are undisputed. The only dispute involved the issue of whether the highway director then approved the recommendation of the Advisory Board. The trial court found that he did. In this circumstance, I think affirmance is required by this Court’s holding in McDowell-Purcell, Inc. v. Bass, 370 So.2d 942 (1979), where we said:
McDowell-Purcell contends that because the required rock bolting has been completed and accepted by appellee Bass, all that remains is for Bass to perform a ministerial act: paying McDowell-Purcell for all rock bolting at four dollars per linear foot. Were one other circumstance present we would be compelled to agree. The payment request for the rock bolting by McDowell-Purcell has never been approved by the Highway Department. Had it been, mandamus would lie because all that would remain would be for Bass to make payment. .
. In this case Bass had a duty to either approve or disapprove payment according to one of two different interpretations of the contract. Performance of that duty rested upon his judgmental or discretionary ascertainment of facts or existence of conditions to be applied under the terms of the contract. . [Emphasis added.]
This case is distinguishable only in that here, unlike McDowell-Purcell, the trial court found that Bass had approved the payment. The majority opinion effectively, therefore, overrules McDowell-Purcell.