BRADLEY, Presiding Judge.
Georgia A. Deloney petitioned the Montgomery County Circuit Court to issue a writ of mandamus compelling the State Department of Education, Dr. John A. Shelton, Dr. Wayne Teague, and Dr. Halycon V. Ballard, Director of the State Personnel Department, to set aside petitioner’s annual employee evaluation and further to follow the procedure for hearing employee grievances as outlined in (1) the State of Alabama Personnel Department Equal Employment Opportunity Affirmative Action Plan (the Personnel Plan); (2) the Alabama Department of Education Supplement to the Personnel Plan (the Supplement);' and (3) sections 36-26-6 and -27, Code 1975.
Georgia A. Deloney works as a Disability Determination Examiner II for the Alabama Department of Education. Pursuant to the regulations governing the State Personnel Board, Deloney’s performance as a Disability Determination Examiner was evaluated on December 10, 1985. The evaluation was performed by Deloney’s supervisor, Rosemary Verhoestra, and resulted in Deloney’s receiving an evaluation score of 68.
Although Deloney’s 68 rating fell within the upper range of the “meets standards” category for Disability Examiners — the highest score being a 70 — and entitled her to consideration for a one-step merit pay raise, Deloney was dissatisfied with her score. After a meeting with her supervisor on December 17, 1985 to discuss her rating, Deloney’s score was raised to 72 and she was reclassified in the “exceeds standards” category. Consequently, Deloney became entitled to consideration for and subsequently received a two-step merit pay raise.
Deloney, still dissatisfied with her evaluation, forwarded a written grievance to Dr. John Shelton, Director of the Division of Disability Determination, requesting a further upward adjustment of her score. De-loney’s grievance alleged, in summary, that her rating was based on “subjective, non-merit factors.”
Dr. Shelton then responded by letter dated January 22, 1986 and advised Ms. Delo-ney that she could attach comments to her evaluation but that no further response to her evaluation would be made in light of the January 17, 1986 meeting attended by Deloney, Ms. Verhoestra, the Mobile branch office manager, and Dr. B.D. Bax-ley, Assistant Director, Disability Determination Division.
After receiving this letter, Ms. Deloney redirected her grievance to Dr. Wayne Teague, Superintendent of the State Department of Education. Then, on April 15, 1986 Deloney filed her petition for mandamus with the Montgomery County Circuit Court. Her petition was denied. She appeals the circuit court's order.
On review of a denial of petition for mandamus, we “indulge all reasonable presumptions in favor of the correctness of the judgment appealed from, and the appellant must overcome this presumption by satisfactorily countervailing evidence.” Anderson v. Mullins, 281 Ala. 609, 206 So.2d 856 (1967).
Mandamus is both drastic and extraordinary. Barber v. Covington County Commission, 466 So.2d 945 (Ala.1985). Therefore, the writ will issue only if these four elements are demonstrated: (1) the petitioner must establish a clear, legal right to enforcement of the requested order; (2) the respondent must have refused to perform a mandatory duty; (3) mandamus must be the only adequate remedy available to petitioner; and (4) the court’s jurisdiction must be properly invoked. Barber, supra.
Even if these four factors are established, the writ still will not issue to dictate how an official exercises his discretion. McDowell-Purcell, Inc. v. Bass, 370 So.2d 942 (Ala.1979). Likewise, the writ will not issue in those cases where the duty sought to be performed turns on the official’s employing discretion in his/her “ascertain *1177 ment of facts, or the existence of conditions.” McDowell, supra.
We have examined the record and in light of the relief requested find that mandamus was properly denied. Ms. Deloney’s supervisor was required to evaluate Delo-ney’s skills as a Disability Determination Examiner. Obviously, judgments concerning an employee’s performance involve “ascertainments of facts, or the existence of conditions.” McDowell, supra.
Ms. Verhoestra necessarily exercised her discretion when she rated Deloney’s performance. Mandamus does not lie to dictate how that discretion is exercised. McDowell, supra. Instead, it issues when the only task left to be performed is a ministerial act. McDowell, supra.
In this case the ministerial act has been performed; the employee evaluation has been administered. Ms. Deloney simply disagrees with the results of the evaluation. Mandamus cannot be used as a mechanism for altering her score.
Ms. Deloney’s petition also alleged that the procedure employed by the appellees was improper and requested that they be required to follow the grievance procedure outlined in the Personnel Plan and its Supplement. We have examined those regulations and find them inapplicable.
We adopt the trial court’s findings in this regard:
“A thorough review of the record ... reveals the inapplicability of the grievance procedure to Petitioner’s complaint. The procedure was adopted as a response to United States v. Frazer, 317 F.Supp. 1079 (M.D.Ala.1970). Its intended purpose is to provide a procedure to resolve affirmative action disputes and not address Petitioner’s dissatisfaction with her performance rating. No duty therefore existed upon Respondents to afford the Petitioner the process outlined in the grievance procedure. See Alabama Administrative Code Rule 670-X-4-.02; 670-X-4-.03.”
Because the grievance review procedure is inapplicable to Ms. Deloney's complaint, she has no legal right that can be enforced by mandamus. Without an enforceable legal right, she fails to establish the threshold requirement for the writ’s issuance. Barber, supra.
Likewise, we have examined the code sections cited by Ms. Deloney and find her reliance on them misplaced. Section 36-26-6, Code 1975, provides the powers and duties of the State Personnel Board. Section 36-26-27, Code 1975, deals with the procedure to be followed before the State Personnel Board when dealing with a dismissed or disciplined employee. Ms. Delo-ney has not been disciplined or dismissed; she has simply received a lower job evaluation than she feels she deserves. The procedures outlined in these sections simply are not available to Ms. Deloney to review her grievance.
Deloney has further asserted that the Department failed to provide her with copies of the ratings of other employees, and her right to inspect these ratings pursuant to section 36-26-22(b) was consequently denied. She asserts that mandamus should lie to compel their production.
We have examined section 36-26-22(b) and note that the employee is entitled to “inspect” the ratings of other employees in his/her same class and division, but the Department is not required by statute to actually send them to the requesting employee. However, we have examined the record and it appears that the documents were ultimately provided. Thus, mandamus is both useless and inapplicable. Wright v. Aldridge, 219 Ala. 632, 123 So. 33 (1929).
Finally, Ms. Deloney has alleged that her evaluation score was based on nonmerit factors and, consequently, the score should not be allowed to stand. She contends that her rating can be tied to her affiliation with a political organization and that the Personnel Plan and its Supplement operate to protect her from this type of discrimination.
If Ms. Deloney had established that her rating was the consequence of her membership in a political organization, she would have established a recognizable claim under the grievance procedure. The Personnel Plan, supra; the Supplement, supra. However, the trial court failed to find evidence in support of her contention. *1178 Likewise, our examination of the record fails to reveal evidence supportive of Ms. Deloney’s allegation.
Restating our review standard, we note that the judgment of the trial court is presumed correct absent an evidentiary showing by petitioner that it is incorrect. Anderson, supra. The trial court held:
“The Court finds no merit to Petitioner’s argument that she has been the victim of discrimination on the basis of political affiliation. Her petition failed to prima facie establish such and the Court notes that this argument originated in her brief after having heard the arguments of Respondents. No basis exists upon which this Court can reasonably conclude that which Petitioner alleges. For aught that appears, this is an attempt by Petitioner to shape her original complaint concerning her annual performance score into a claim properly reviewable under Respondents’ grievance procedure.” (citations omitted)
We have examined the record and, like the trial court, find no evidence to support Deloney’s claim. Therefore, we affirm the trial court’s judgment.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.