This is an appeal by Professional Check Service, Inc. ("Professional Check"), from the denial of a motion for a writ of mandamus by the Morgan County Circuit Court. The writ of mandamus sought to compel the clerk of the Morgan County District Court to accept, from Professional Check, warrant affidavits against writers of bad checks and to compel the county district attorney to prosecute such cases.
Professional Check is a corporation that processes bad checks for merchants. Pursuant to arrangements among the merchants, Professional Check, and various banks, the banks would return dishonored *Page 757 
checks directly to Professional Check. Professional Check would then notify the drawer of the check by letter or telephone that the check had been returned and would request payment of the check plus a $10.00 service charge. If the drawer did not respond, Professional Check would send the drawer a certified letter threatening criminal prosecution. Then, if the drawer did not respond to this letter, Professional Check would contact the merchant for further instruction.
If the merchant instructed Professional Check to take the dishonored check to the magistrate, the merchant would complete an information sheet to determine whether the check would be suitable for prosecution. If the check was suitable for prosecution, the president of Professional Check, David Thompson, would present the check to Melba Dutton, clerk of the Morgan County District Court. Mr. Thompson would then testify under oath as to the items on the information sheet and give Ms. Dutton a copy of the certified letter and the returned check. If she found reasonable grounds to believe the drawer was guilty, Ms. Dutton would issue a warrant.
Upon learning that other district court clerks would not issue warrants for the offense of writing worthless checks based on affidavits signed by persons other than the victims, Ms. Dutton requested an opinion from the Attorney General of the State of Alabama regarding who was the proper affiant in the case of a warrant for the offense of writing worthless checks. On August 1, 1988, the Attorney General issued an opinion stating that a representative of a private check collection agency was not the proper party to sign the affidavit on which the warrant was issued, but, rather, that the victim of the offense was the proper person to sign the affidavit for an arrest warrant for the drawer of a worthless check.
On September 2, 1988, Professional Check filed, in the Morgan County Circuit Court, its petition for a writ of mandamus to compel the clerk of the Morgan County District Court to accept its warrant affidavits and to compel the county district attorney to prosecute the cases involved. Ms. Dutton filed a counterclaim, asking the court to declare whether she was required to issue the warrants on Mr. Thompson's affidavits.
The circuit court held that the victim of the offense of writing a worthless check was the proper person to swear out a complaint. This Court has held that affidavits for arrest warrants may not be based on mere conclusions that the offense has been committed, but, rather, must contain the factual basis for such a conclusion. Crittenden v. State, 476 So.2d 632 (Ala. 1985). Under § 15-7-2, Code of Alabama 1975, a judge or magistrate is authorized to question a complainant who testifies that "in his opinion" an offense has been committed. This section further provides that the depositions taken by the judge or magistrate "must set forth the facts . . . tending to establish the commission of the offense and the guilt of the defendant." Consistent with this law, the Attorney General, in an earlier opinion, issued on December 6, 1985, had stated that the complaint in a worthless check prosecution must be based on the complainant's personal knowledge of the commission of the offense and, in the opinion requested in regard to the present controversy, the Attorney General stated that the complainant in such prosecutions must be the victim. We affirm the judgment of the circuit court and hold that, in worthless check prosecutions, the proper person to sign the affidavit for a warrant is the victim of the offense. If the victim is a business, then an employee of that business who has personal knowledge of the offense may sign the affidavit.
Professional Check argues that it is the agent of the merchants involved and, thus, that it should be allowed to sign the affidavit. The circuit court found that Professional Check was not an agent of the merchants but was "a contractor in the business of collecting money owed for worthless checks given to merchants, i.e., a collecting agency." As noted by the circuit *Page 758 
court, the settled public policy of this state is that "criminal courts may not and must not be used for the purpose of collecting debts." See Harris v. State, 378 So.2d 257
(Ala.Cr.App.), cert. denied, 378 So.2d 263 (Ala. 1979); Tolbertv. State, 294 Ala. 738, 321 So.2d 227 (1975). The circuit court also found that Professional Check was not a holder of the instrument entitled to payment of the check or a holder in due course. The trial judge's findings in this case were based on ore tenus testimony. Thus, the findings are accorded a presumption of correctness and will not be disturbed on appeal unless they are plainly and palpably wrong. Russell v. Mullis,479 So.2d 727 (Ala. 1985). The record supports the trial court's findings that the representatives of Professional Check are not agents, holders, or holders in due course.
The circuit court properly held that the writ of mandamus will not lie in this case to compel the issuance of the warrant by the magistrate or to compel the district attorney to prosecute the case. The writ will not lie to compel the performance of a discretionary function. McDowell-Purcell, Inc.v. Bass, 370 So.2d 942 (Ala. 1979); Deloney v. Teague,508 So.2d 1174 (Ala.Civ.App. 1987). Under § 15-7-3, Code of Alabama 1975, the magistrate is to issue an arrest warrant only if he is reasonably satisfied that there are reasonable grounds to believe that the defendant is guilty of the offense complained of. Section 12-17-224, Code of Alabama 1975, provides for the operation of a worthless check unit under the discretion of the district attorney. Further, Ms. Dutton and the district attorney were clearly not abusing their discretionary duties by refusing to accept Thompson's affidavits and refusing to prosecute the cases. They were acting pursuant to the Attorney General's opinion, the statutory and case law of this state, and the public policy of the state.
The circuit court correctly held that it was not bound by the decisions of a bankruptcy court and a federal district court that had found that merchants could contract with Professional Check to initiate criminal prosecutions without violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., or the Alabama Worthless Check Act, § 13A-9-13.1 et seq.,Campbell v. Thompson, BK 86-1697 (Bankr.N.D.Ala., Jan. 12, 1988); aff'd, CV 88-H-5105-NE (N.D.Ala., May 23, 1988). Neither federal decision dealt with the interpretation of § 15-7-2 and -3, Code of Alabama 1975, or the question whether persons signing affidavits to secure warrants against drawers of worthless check are required to have personal knowledge of the offense.
The judgment of the circuit court is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.