THIGPEN, Judge.
This case involves the appeal of a policy decision of the Greene County Board of Education (Board) in adopting a separate salary schedule for certain vocational *321 teachers without applying Ala.Code 1975, § 16-8-10.
Earnestelle Durrett is employed as a vocational teacher and has been employed as such since 1980. The State Department of Education furnishes a salary schedule that may be used by the local board for purposes of determining the salaries of vocational teachers in the absence of a local schedule. Apparently, according to the evidence, the Board, although having adopted a local schedule, paid teachers based on the state schedule. The local salary schedule adopted first a six-step salary schedule, and thereafter, a seven-step schedule, whereas the state schedule employed a ten-step schedule. Simply stated, an employee could receive a (step) raise each year up to the maximum number of steps, then the employee would only receive a raise when adopted by legislative act.
The evidence reflected that in spite of the local schedules adopted, the Board paid vocational teachers from the state schedule for the school years between 1957-58 and 1987-88. For the school year 1986-87, the superintendent directed the payroll clerk to utilize the seven-step schedule, which was adopted by the Board in 1982. Durrett noted a discrepancy upon receiving her 1988-89 contract, since she had reached step seven of the seven-step schedule. Upon contacting the superintendent in May 1989, she was informed of the decision to change to the seven-step schedule. The Board asserts that even though it paid teachers based on the state schedule, it was never adopted by the Board as policy.
Thereafter, Durrett filed her petition for a writ of mandamus in the Circuit Court of Greene County, seeking an order that the Board pay her in accordance with the state schedule, and reimburse her for salary differences for the school years of 1988-89 and 1989-90. The Board asserted that the trial court was without jurisdiction in that Durrett had not appealed to the Alabama State Tenure Commission and exhausted her administrative remedies in accordance with Ala.Code 1975, § 16-24-37, and that her claim amounts to a claim for damages prohibited by Ala.Code 1975, § 16-24-10. After receiving evidence ore tenus, the trial court found that Durrett was paid in accordance with the state schedule every year until the year 1988 when the seven-step schedule was utilized. No input was requested or received from the local policy committee in accordance with Ala.Code 1975, § 16-8-10. The trial court held that the payments of different amounts of salary for vocational teachers for many years resulted in a policy and that Durrett was entitled to be compensated on the state schedule and that she recover those amounts not paid her in accordance with the state schedule. Hence, this appeal.
We begin our analysis by noting that the presumption of correctness of findings of fact of the trial court which has heard evidence without a jury also accompanies findings of fact made by a circuit judge in a mandamus proceeding where the judge actually hears the evidence upon which its findings were based. Florence v. Williams, 439 So.2d 83 (Ala.1983). The Board asserts that the trial court was without jurisdiction in that this case is governed by the teacher tenure law and no appeal of the Board’s decision was taken to that Commission. We do not agree.
Durrett’s petition seeks an order requiring the Board to comply with Ala. Code 1975, § 16-8-10, before changing its policy with regard to salary schedules. The evidence clearly supports the trial court’s findings that the Board, although having adopted a local salary schedule, nevertheless paid its vocational teachers from 1957 to 1988 based upon the state salary schedule (ten-step), and that the superintendent and certain Board members knew of the existence of the conflicting schedules. Thus, the trial court could reasonably conclude that the Board had adopted the state schedule as its policy by its course of conduct since 1957. See 48A Am.Jur.2d Labor and Labor Relations § 1798 (1979); Robbins v. Lynch, 836 F.2d 330 (7th Cir.1988); Daniel Construction Co. v. Teamsters, Chauffeurs, Warehousemen & Helpers, Local Union No. 991, 364 F.Supp. 731 (S.D.Ala.1973). Once established as policy, the schedule could only be *322 amended by complying with the provisions of Ala.Code 1975, § 16-8-10. See Baker v. Oneonta City Board of Education, 519 So.2d 1350 (Ala.Civ.App.1987). A writ of mandamus is properly issued to require a public official to perform a ministerial act for which he is legally bound. City of Birmingham v. Personnel Board of Jefferson County, 464 So.2d 100 (Ala.1984).
Based upon the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.