THOMPSON, Presiding Judge.
On February 28, 2005, Joe L. Tucker, Jr., sued the Bessemer Board of Education (“the Board”) and several of its members, both individually and officially, in the Jefferson Circuit Court, Bessemer Division (“the trial court”), asserting claims of breach of contract and fraud. Tucker, the Board’s former attorney, alleged that, *959 when the Board terminated its attorney-client relationship with him, it had failed to pay $49,747 in fees for his legal services. The defendants moved for a summary judgment, arguing that they were immune from suit pursuant to Art. I, § 14, Ala. Const.1901. Tucker also moved for a summary judgment, arguing that no genuine issues of material fact existed and that he was entitled to be paid the $49,747 in fees.
The trial court entered a summary judgment in favor of the board members as to Tucker’s breach-of-contract claim and his fraud claim to the extent that it was asserted against them in their official capacities. The fraud claim asserted against the board members in their individual capacities remained pending. The trial court dismissed the fraud claim against the Board. On August 18, 2005, the trial court entered a summary judgment for Tucker on his breach-of-contract claim against the Board and awarded Tucker $49,747 in damages. The trial court certified its August 18, 2005, judgment as final pursuant to Rule 54(b), Ala. R. Civ. P.
The Board appealed the August 18, 2005, summary judgment to this court, arguing that it was entitled to immunity under Art. I, § 14, Ala. Const.1901. While that appeal was pending, Tucker filed a process of garnishment with the trial court, seeking to recover on the judgment; however, Tucker subsequently withdrew the garnishment. On July 7, 2006, this court affirmed the trial court’s judgment without an opinion, pursuant to Rule 53(a)(1) and (a)(2)(C) and (F), Ala. R.App. P. See Bessemer Bd. of Educ. v. Tucker (No. 2041105, July 7, 2006), 999 So.2d 1013 (Ala.Civ.App.2006)(table). Our supreme court denied the Board’s subsequent petition for a writ of certiorari on October 13, 2006. See Ex parte Bessemer Bd. of Educ. (No. 1051703, Oct. 13, 2006), 999 So.2d 597 (Ala.2006)(table).
On November 6, 2006, Tucker petitioned the trial court for a writ of mandamus directing the Board to pay him the $49,747 owed on the August 18, 2005, judgment. On November 8, 2006, the trial court granted Tucker’s petition and ordered the Board to pay the judgment, plus interest. The Board appealed the November 8, 2006, order to our supreme court, which remanded the matter to the trial court for additional proceedings regarding the petition for the writ of mandamus. On March 20, 2007, the trial court again granted Tucker’s petition for a writ of mandamus and ordered the Board to pay the judgment, plus interest. After it was reinvested with jurisdiction, our supreme court subsequently transferred the appeal to this court due to a lack of subject-matter jurisdiction.
On appeal, the Board argues that it is entitled to immunity under Art. I, § 14, Ala. Const.1901. Once again, the Board argues that because, it says, it is entitled to immunity, the trial court’s August 18, 2005, judgment against it on Tucker’s breach-of-contract claim is in error. Also, the Board argues that, based on its alleged immunity under § 14, the trial court had no authority to issue a writ of mandamus against it. We will address the argument pertaining to the August 18, 2005, judgment first.
Tucker maintains that this court’s July 7, 2006, affirmance of the August 18, 2005, judgment is the law of the case and that we should not allow the Board to raise the issue of its alleged immunity in this subsequent appeal.
“Generally, the law-of-the-case doctrine provides that when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the same case. The purpose of the doctrine is to bring an end to litigation by foreclosing the possibility of re *960 peatedly litigating an issue already decided. See Murphy v. FDIC, 208 F.3d 959 (11th Cir.2000); see, also, Blumberg v. Touche Ross & Co., 514 So.2d 922 (Ala.1987).”
Ex parte Discount Foods, Inc., 789 So.2d 842, 846 n. 4 (Ala.2001).
Our supreme court has applied the law-of-the-case doctrine as a bar to subsequent appeals regarding the same issue. See, e.g., Robbins v. Sanders, 927 So.2d 777, 784 (Ala.2005)(“0ur discussion and determination of these issues in [the first appeal] foreclose their attempted resurrection by Robbins on this appeal, because of the bar created by the doctrine of the law of the case.”). Rule 53, Ala. Rule App. P., which grants this court the authority to affirm a judgment or order without a written opinion, provides in subsection (d):
“An order of affirmance issued by the Supreme Court or the Court of Civil Appeals by which a judgment or order is affirmed without an opinion ... shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar.”
(Emphasis added.) This court’s July 7, 2006, no-opinion affirmance of the August 18, 2005, judgment cited Rule 53(a)(2)(C) and (F), thus indicating this court’s conclusions that “the evidence would support those findings that would have been necessary to support the judgment,” Rule 53(a)(2)(C), and “that the judgment ... was entered without an error of law,” Rule 53(a)(2)(F). Furthermore, this court cited Palmer v. Perry County Board of Education, 496 So.2d 2 (Ala.1986); Belcher v. Jefferson County Board of Education, 474 So.2d 1063 (Ala.1985); and Enterprise City Board of Education v. Miller, 348 So.2d 782 (Ala.1977). In Belcher and Palmer, our supreme court discussed whether county boards of education were immune under § 14. In Miller, the supreme court discussed the similarities between city and county boards of education. It is therefore apparent that, in affirming the August 18, 2005, judgment, this court considered the Board’s substantive argument on appeal regarding its purported immunity under § 14. Accordingly, this court’s July 7, 2006, no-opinion affirmance of the trial court’s August 18, 2005, judgment may establish the law of the case as to the Board’s argument that it is immune.
“However, the law-of-the case doctrine does not in all circumstances require rigid adherence to rulings made at an earlier stage of a case. The doctrine directs a court’s discretion; it does not limit a court’s power. The law-of-the-case doctrine is one of practice or court policy, not of inflexible law, and it will be disregarded when compelling circumstances call for the redetermination of a point of law on a prior appeal; and this is particularly true when the court is convinced that its prior decision is clearly erroneous or where an intervening or contemporaneous change in the law has occurred by an overruling of former decisions or when such a change has occurred by new precedent established by controlling authority.”
Ex parte Discount Foods, Inc., 789 So.2d at 846 n. 4. The Board maintains that the question of its immunity under § 14 is jurisdictional in nature and may be raised at any point in the litigation, even after a previous appeal. We have found authority to support that proposition. In Southern Railway Co. v. Bailey, 224 Ala. 456, 140 So. 408 (1932), the railway company invited our supreme court to address whether the action should be removed to federal court, a question that had been considered and decided in an earlier appeal. Our supreme court stated: “Since the matter goes to the jurisdiction of the trial court, it may prop *961 erly be reconsidered at any stage of the proceedings.” Bailey, 224 Ala. at 457, 140 So. at 409. In light of the discretion recognized by our supreme court in Discount Foods, and its holding in Bailey, it seems prudent that we once again consider the Board’s argument that § 14 entitled it to immunity from the August 18, 2005, judgment. However, as in Bailey, “[w]e reaffirm our holding on [the] former appeal.” 224 Ala. at 457,140 So. at 409.
In Belcher v. Jefferson County Board of Education, supra, our supreme court explained § 14 sovereign immunity as it relates to county boards of education.
“The sovereign immunity of the State is provided for in our Constitution as follows: ‘[T]he State of Alabama shall never be made a defendant in any court of law or equity.’ Ala. Const. art. I, § 14. In Hutt v. Etowah County Board of Education, 454 So.2d 973 (Ala.1984), we reaffirmed the established position that county boards of education are arms of the State as far as immunity is concerned:
“'County boards of education are not agencies of the counties, but local agencies of the state, charged by the legislature with the task of supervising public education within the counties. See §§ 16-8-8, -9, Code 1975; Clark v. Jefferson County Board of Education, 410 So.2d 23, 27 (Ala. 1982). They execute a state function — not a county function — namely, education. Sims v. Etowah County Board of Education, 337 So.2d [1310] at 1317 [ (Ala.1976) ] (Faulkner, J., dissenting), citing Alabama Constitution, Art. 12 § 256. Therefore, they partake of the state’s immunity from suit to the extent that the legislature authorizes. Sims v. Etowah County Board of Education, 337 So.2d at 1316; Enterprise City Board of Education[ v. Miller], 348 So.2d [782] at 783 [ (Ala.1977) ]. [Footnote omitted.]’
“454 So.2d at 974. In Hutt we said the trial judge was correct in granting summary judgment in favor of a board of education accused of failure to furnish safe gymnasium facilities, because boards of education are immune from such tort suits.
“They are not immune from all suits, however. Section 16-8-40, Code 1975, gives county boards of education the right to sue and contract. In Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala.1976), this Court affirmed a dismissal by the lower court of a tort claim of negligence, but reversed the dismissal of the breach of implied contract counts. The Court cited the board’s statutory right to sue and contract, supra, and stated as follows:
“ ‘This right to sue carries with it the implied right to be sued, Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774 (1920), but only upon such matters as are within the scope of its corporate power. Morgan et al. v. Cherokee County Board of Education, 257 Ala. 201, 58 So.2d 134 (1952). Thus our cases recognize that a county board of education may be sued on its contracts.’
“337 So.2d at 1313. The Court concluded by saying this:
“ ‘Having found that a county board of education has statutory authority to make a contractual undertaking with regard to the safety of premises it utilizes in conducting athletic contests which the public may view upon the payment of consideration, we must hold that the trial court erred in dismissing the contract counts.’
“337 So.2d at 1314. Therefore, in the present case, the Jefferson County *962 Board of Education is not automatically immune to a breach of contract action.”
474 So.2d at 1065-66. See also Palmer v. Perry County Bd. of Educ., 496 So.2d at 4 (“County school boards are not immune from all suits.”).
Our supreme court has stated that city boards of education are agencies of the state in the same manner as county boards of education. See Enterprise City Bd. of Educ. v. Miller, 348 So.2d at 783 (“City boards of education are authorized by the legislature.” “Like county school boards, they are agencies of the state, empowered to administer public education within the cities.”). Accordingly, city boards of education, such as the Board in this case, are not immune from all actions. As provided in Belcher regarding county boards of education, city boards of education have been legislatively granted the authority to contract, and thus they may sue and be sued on those contracts. See § 16-11-12, Ala.Code 1975 (“The city board of education shall have the full and exclusive rights ... to make necessary and proper notes, contracts and agreements .... All such contracts shall inure to the benefit of the public schools, and any action brought upon them and for the recovery and protection of money and property belonging to and used by the public schools, or for damages, shall be brought by and in the name of the city.”). See also Locke v. Ozark City Bd. of Educ., 910 So.2d 1247 (Ala.2005)(reversing a summary judgment in favor of a school board based on the supreme court’s holding that genuine issues of material fact existed regarding whether the plaintiff was a third-party beneficiary of a contract of the board).
The Board relies heavily on the supreme court’s discussion of § 14 immunity in Alabama Agricultural & Mechanical University v. Jones, 895 So.2d 867 (Ala.2004). However, Jones involved a state university, not a city or county board of education. Our supreme court has treated universities and local boards of education differently with respect to § 14 immunity. See, e.g., Hawkins v. State Bd. of Adjustment, 242 Ala. 547, 548, 7 So.2d 775, 777 (1942)(recognizing that supreme court cases had made a “separate classification of strictly State boards and commissions, including State colleges and describe them as immediate and strictly governmental agencies, not subject to suit. But that a county board of education, while not an immediate agency of the State, acts in a public and governmental capacity, and therefore is not liable for the torts of its agents and employees, while so engaged, but is ordinarily otherwise subject to suit.”); see also Belcher, 474 So.2d 1063 (reviewing § 14 immunity as applied to a county board of education independently from § 14 immunity as applied to state colleges and universities). In light of the supreme court’s holding in Belcher that local boards of education are not immune from all suits and may be sued in contract, the Board’s reliance on Jones is unavailing.
The Board argues for the first time in its reply brief that Belcher, Palmer, and Locke, should be overruled because, according to the Board, they conflict with Jones. However, this court “does not address issues raised for the first time in a reply brief.” Byrd v. Lamar, 846 So.2d 334, 341 (Ala.2002). See also Gilbert v. Rogina Inv. Corp., 991 So.2d 681, 690 (Ala.2008)(refusing to consider argument, made for first time in reply brief, that cases should be overruled); Giambrone v. Douglas, 874 So.2d 1046, 1057 (Ala. 2003)(state-agent-immunity case in which the supreme court refused to consider an argument raised for the first time in a reply brief). Furthermore, “this court does not possess the authority to overrule any decisions of the supreme court, whose decisions govern the holdings of the courts of appeal.” C & S Constr. Co. v. Martin, *963 420 So.2d 788, 789 (Ala.Civ.App.1982)(citing Jones v. City of Huntsville, 288 Ala. 242, 259 So.2d 288 (1972)).
Based on the foregoing, we disagree with the Board’s assertion that it was immune from suit as to Tucker’s claim for breach of contract. Accordingly, we cannot say that the Board has demonstrated that it is not bound by the August 18, 2005, judgment.
The Board also argues on appeal that, based on its alleged immunity under § 14, the trial court had no authority to issue a writ of mandamus against it. This issue is distinct from the Board’s immunity, or lack thereof, as to Tucker’s underlying claim. It relates solely to the mandamus authority of the trial court over a local board of education.
As discussed above, as a local agency of the state, the Board is entitled to immunity under Art. I, § 14, Ala. Const. 1901, except in certain circumstances such as the enforcement of a contract.
“[Furthermore, this] immunity from suit does not extend, in all instances, to officers of the State acting in them official capacity. Unzicker v. State, 346 So.2d 931 (Ala.1977). In limited circumstances the writ of mandamus will lie to require action of state officials. This is true where discretion is exhausted and that which remains to be done is a ministerial act.”
McDowell-Purcell, Inc. v. Bass, 370 So.2d 942, 944 (Ala.1979)(emphasis added).
“There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), [our supreme court] stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform them legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act, Tit. 7, § 156, et seq., seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law.”
Ex parte Carter, 395 So.2d 65, 68 (Ala.1980)(citing Wallace v. Board of Educ. of Montgomery County, 280 Ala. 635, 197 So.2d 428 (1967)); see also Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d 831 (Ala.2008).
Under the rules related to § 14 immunity stated in Bass and Carter, § 14 does not prohibit the trial court from exercising its authority, via a writ of mandamus, to compel the Board to perform its legal duty or to perform ministerial acts. See Carter, 395 So.2d at 68 (“actions brought to compel State officials to perform them legal duties” are not prohibited by § 14; likewise, “actions to compel State officials to perform ministerial acts” are not prohibited by § 14). Based on our July 7, 2006, affirmance of the August 18, 2005, judgment; based on our supreme court’s subsequent denial of the Board’s petition for a writ of certiorari as to that affirmance; and based on our decision today, we conclude that the Board has a clear legal duty to pay the judgment and that Tucker may seek to compel the performance of that duty via a petition for a writ of mandamus. Additionally, the payment of the August 18, 2005, judgment is a ministerial act and does not require an *964 exercise of discretion. See Bass, 370 So.2d at 944. On this basis as well, Tucker’s petition for a writ of mandamus directing the Board to pay him the $49,747 due pursuant to the August 18, 2005, judgment is not prohibited by the immunity established by § 14.
Mandamus is an appropriate remedy to compel payment of a valid judgment against a public entity or official. See, e.g., Rainsville Housing Auth. v. Hamrick Constr. Corp., 456 So.2d 38 (Ala. 1984). Our supreme court has upheld writs of mandamus against local boards of education. See Tuscaloosa City Bd. of Educ. v. Roberts, 440 So.2d 1058, 1062 (Ala.1983)(affirming issuance of a writ of mandamus directing city board of education to comply with decision of State Tenure Commission, stating: “Mandamus is available to a teacher to compel a local board to comply with a commission decision.”); Board of Educ. of Jefferson County v. State, 222 Ala. 70, 131 So. 239 (1930)(affirming issuance of a writ of mandamus compelling Jefferson County and Bessemer Boards of Education to comply with a provision of state school code); Greene County Bd. of Educ. v. Durrett, 600 So.2d 320 (Ala.Civ.App.1992)(affirming issuance of a writ of mandamus requiring a board of education to pay a teacher in accordance with salary schedule).
“ ‘[Mjandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Barber v. Covington County Comm’n, 466 So.2d 945 (Ala.1985) ....’
“Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989).”
Ex parte Blankenship, 806 So.2d 1186, 1187 (Ala.2000). Just as the Board has a legal duty to pay the August 18, 2005, judgment, Tucker has a clear legal right to the enforcement of that judgment. The Board has not asserted any argument on appeal that Tucker has not satisfied the requirements set forth in Blankenship. See, e.g., Thompson v. Skipper Real Estate Co., 729 So.2d 287, 289 n. 2 (Ala.l999)(“Although this Court will affirm an order of the trial court on a ground not asserted below, ... this Court will not reverse a trial court’s judgment on a ground that has never been raised.”). Accordingly, we affirm the trial court’s March 20, 2007, judgment granting Tucker’s petition for a writ of mandamus and ordering the board to pay Tucker the $49,747 owed him on the August 18, 2005, judgment.
Based on the foregoing, Tucker’s motion to strike is moot.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.